UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BD. OF TR., SHEET METAL )
WORKERS' NAT'L PENSION FUND, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Action No. 1:19-cv-00171 (LO/IDD)
)
J & B MECHANICAL, INC., )
)
Defendant. )
)

## REPORT AND RECOMMENDATION

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund"), the Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee's ("NEMIC") (collectively, "the Funds") Motion for Default Judgment against J & B Mechanical, Inc. ("J&B I") ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). Mot. for Default J., ECF No. 8. After a licensed attorney for Defendant failed to respond, otherwise plead, or appear at the June 7, 2019 hearing, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment and the supporting brief and affidavits thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

1

## I. **INTRODUCTION**

On February 13, 2019, Plaintiff filed this action under Sections 502(a)(3), (d)(1), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Compl. ¶ 1. These Acts allow parties to enforce provisions of collective bargaining agreements. Following settlement with J&B Mechanical Systems, Inc. ("J&B II"), Plaintiffs seek a declaration that Defendant is delinquent in remitting owed contributions to the Funds, an award for delinquent contributions owed to it in the amount of $1,859.62; interest on the delinquent contributions at a rate of 0.0233% per day, compounded daily, in the amount of $121.17; liquidated damages on all delinquent contributions owed in the amount of $377.09; attorney's fees and costs in the amount of $2,784.98; and any other such relief the Court deems appropriate. Mot. for Default J. ¶ 5(a)-(d).[1]

### A. **Jurisdiction and Venue**

For a court to render default judgment against a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under ERISA and the LMRA, which are federal laws. Furthermore, "[a suit] for violation of contracts between an employer and a labor organization representing employees in an industry

---

[1] The Complaint against J&B I and J&B II ("Defendants") asked for (1) a declaration that Defendants are alter-egos and are jointly and severally liable for each other's debts, (2) declare that Defendants are delinquent in remitting owed contributions to the Funds pursuant to the Agreement, (3) award Plaintiffs a judgment for Defendants' delinquent contributions for the period of June 2018 through December 2018 in the total amount of $10,866.76, (4) judgment against Defendants for interest on all delinquent contributions at a rate of 0.0233% per day, compounded daily, (5) judgment against Defendants for liquidated damages in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or twenty percent (20%) of the delinquent contributions, (6) judgment against Defendants for liquidated damages at the greater of fifty dollars ($50) or ten percent (10%) of the contributions due for each month of contributions not paid within thirty (30) days after the due date, (7) all outstanding reports for the period of November and December 2018, (8) and attorney's fees and costs.

affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

For a court to exercise personal jurisdiction over a defendant in an ERISA action, the defendant must be served with process and have "sufficient aggregate contacts with the United States as a whole," pursuant to the Fifth Amendment. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1044 (E.D. Va. 1997) (holding that because ERISA provides for nationwide service of process, the Fifth Amendment "national contacts" theory, rather than Virginia's long-arm statute, applies). As discussed below, Defendant was properly served with process. Defendant has sufficient contacts with the United States as a whole because it is incorporated under Illinois law and transacts business in Illinois. Compl. ¶ 12; *see McD Metals,* 964 F. Supp. at 1045. Therefore, this Court has personal jurisdiction over Defendant.

Finally, as to venue, an ERISA action may be brought in the "district where the plan is administered." 29 U.S.C. § 1132(e)(2). In this case, the Funds are administered in Fairfax, Virginia, which is within the Eastern District of Virginia. Compl. ¶ 3. An LMRA action may be brought "in any district court of the United States having jurisdiction of the parties." *Id.* § 185(a). As discussed above, this Court has jurisdiction over the parties. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve a defendant properly under federal or state law, a court lacks personal jurisdiction and may not enter default judgment against the defendant. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Service

of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946))), *superseded by statute on other grounds*, FED. R. CIV. P. 4(k); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing the district court's decision to enter default judgment against a non-resident defendant because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint).

Under Federal Rule of Civil Procedure 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h).

On February 14, 2019, a private process server served Defendant by serving Brandi Slavich, who is authorized to accept service on Defendant's behalf, by delivering a copy of the Summons and Complaint to Defendant's principal place of business at 128 W Pratt Blvd., Roselle, IL 60172. Proof of Serv., ECF No. 3. Therefore, Plaintiffs properly served Defendant pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiffs filed their Complaint on February 13, 2019. ECF No. 1. Defendant failed to appear, answer, or file any other responsive pleadings in this matter. On April 23, 2019, Plaintiffs filed a Request for Entry of Default with the Clerk. ECF No. 6. On April 24, 2019, the Clerk entered default against Defendant. ECF No. 7. On May 8, 2019, Plaintiffs filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on June 7, 2019. ECF Nos. 8,

12. After Defendant failed to appear at the June 7, 2019 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556

U.S. at 679).

### III. FACTUAL FINDINGS AND ANALYSIS

The Funds are the trustees of multi-employer employee benefit plans[2] administered from offices located in Fairfax, Virginia. Compl. ¶ 3. The Funds are maintained by a Restated Trust Agreement and by a Collective Bargaining Agreement ("CBA") between Local Union No. 265[3] and Defendant. *Id.* ¶ 14; Br. in Supp. of Pls.' Mot. for Default J. ("Br. in Supp.") at 1. Defendant is an Illinois "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). Compl. ¶ 12. In their Complaint, the Funds named J&B Mechanical Systems, Inc. ("J&B II") as co-defendant. *Id.* However, the Funds settled their case with J&B II and seek a default judgment against J & B I only. Mot. for Default J. at 1; Order, ECF No. 5. The facts presented below reflect the settlement with J&B II and, therefore, rely on the facts and damages alleged in the Motion for Default Judgment and Brief in Support of Plaintiffs' Motion for Default Judgment.

Defendant is a signatory to the CBA with Local Union No. 265, establishing the terms and conditions of employment for workers employed by Defendant. Compl. ¶ 14; Br. in Supp. at 1. Pursuant to the CBAs with Local Union No. 265, Defendant is obligated to abide by the terms and conditions of the Trust Agreement establishing the Funds. Compl. ¶ 21. Under the CBAs, Defendant is also obligated to calculate remittance reports, which must be submitted to the Funds no later than the twentieth (20th) day after the end of each month. *Id.* ¶¶ 22, 24. Without the remittance reports, the Funds cannot determine the entire amount of the monthly contributions owed to it. *Id.* ¶ 23.

---

[2] Such plans are defined by ERISA, 29 U.S.C. § 1002(3), (37).
[3] The Complaint states that J&B I and J&B II employed employees represented by Local Union 265 and 73. Compl. ¶ 13. However, the Brief in Support of Plaintiff's Motion for Default Judgment only discusses J&B I's obligations to Local Union 265. Br. in Supp. at 1. Thus, the undersigned analyzes Defendant's obligations to Local Union 265 only given J&B II's settlement with Plaintiffs.

Defendant failed to make obligatory contributions to the Funds or submit remittance reports. *Id.* ¶ 34. Thus, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C §§ 1132 and 1145, the CBAs, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C § 185, the Funds seek: unpaid contributions, interest on the delinquent contributions at a rate of 0.0233 percent per day, liquidated damages equal to twenty percent (20%) of the delinquent contributions owed, and attorney's fees and costs. *Id.* ¶¶ 25(a)-(d).

### A. Count I: Delinquent Contributions, Liquidated Damages, Interest, and Attorney's Fees and Costs

Section 502 of ERISA, 29 U.S.C. § 1332, establishes that a civil action may be brought by a beneficiary to recover benefits due to it and enforce its rights under the terms of the plan. § 1332(1)(B). The damages owed by an employer who fails to make the payments required under a CBA are: (1) the unpaid contributions; (2) the interest on unpaid contributions; (3) an amount equal to the greater of the interest on unpaid contributions or liquidated damages not in excess of twenty percent (20%); (4) reasonable attorney's fees and costs; and (5) any other such relief as a court deems appropriate. Compl. ¶ 25(a)-(d). Likewise, Section 505 of ERISA, 29 U.S.C. § 1145, reiterates that an employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under a collectively bargained agreement shall make such contributions in accordance with the terms of the plan. If an employer fails to pay contributions to a labor organization, such as the Funds, Section 301 of the LMRA, 29 U.S.C. § 185(a), provides that the organization may bring suit against the employer in any district court having jurisdiction over the parties.

Pursuant to the CBA, Defendant failed to pay its required contributions based on remittance reports submitted for the periods of June 2018 and July 2018. Mot. for Default J. ¶ 5(a); Br. in Supp. at 7; Decl. of Kenneth Anderson Jr., ECF No. 9-1, ¶ 10. Thus, pursuant to Sections 502 and

7

515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the CBAs, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, and following the settlement with J&B II, the Funds are owed the following payments from Defendant: (1) delinquent contributions for the period of June through July 2018 in the amount of $1,859.62; (2) liquidated damages on the delinquent contributions in the amount of $377.09, calculated at the rate of twenty percent (20%) of the delinquent contributions; and (3) interest calculated at the rate of 0.0233 percent per day through May 10, 2019 in the amount of at least $121.17. Mot. for Default J. ¶ 5(a)-(c).

| *Plaintiff* | *Delinquent Contributions* | *Liquidated Damages* | *Interest (through 3/10/2019)* | *Total* |
|---|---|---|---|---|
| Funds | $1,859.62 | $377.09 | $121.17 | $2,357.88 |

### B. Attorney's Fees and Costs

Finally, Plaintiffs seek $2,065.00 in attorney's fees and $683.94 in costs. Decl. of Diana Bardes, ECF No. 9-2 ¶¶ 5, 7. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorney's fees and costs incurred during the action. 29 U.S.C. § 1132(g)(2)(D). In support of its request, Plaintiffs submitted the Declaration of Diana Bardes and a report of attorney's fees and costs through April 22, 2019. Decl. of Diana Bardes, ECF No. 9-2, Ex. 1-2. Having reviewed the declaration and time sheet, the undersigned Magistrate Judge finds that the following costs and attorney's fees are reasonable:

| *Attorney's Fees* | *Costs* | *Total* |
|---|---|---|
| $2,065.00 | $683.94 | $2,748.94[4] |

---

[4] In the Motion for Default Judgment, Plaintiffs ask for $2,748.98. However, based on the figured provided in the Declaration of Diana Bardes, the total amount of attorney's fees and costs is $2,748.94.

8

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Board of Trustees of the Sheet Metal Workers' National Pension Fund, the International Training Institute for the Sheet Metal and Air Conditioning Industry, the National Stabilization Agreement of the Sheet Metal Industry Trust Fund, the Sheet Metal Workers' International Association Scholarship Fund, the Sheet Metal Workers' Occupational Health Institute Trust, and the National Energy Management Institute Committee's against J & B Mechanical, Inc. only. Plaintiffs are entitled to damages in the total amount of $2,357.88 (including interest through March 2019) and attorney's fees and costs in the amount of $2,748.94, for a total of $5,106.82.

## NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following addresses:

J & B Mechanical, Inc.
128 W Pratt Blvd.
Roselle, IL 60172

/s/
Ivan D. Davis
United States Magistrate Judge

August 12, 2019
Alexandria, Virginia